Not For Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                    )
IN RE:                              )   CASE NO.        05-36591 (LMW)
                                    )
  PAMELA J. ADAMS,                  )   CHAPTER         7
                                    )
          DEBTOR.                   )   DOC. I.D. NO.   25
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**APPEARANCES**

Roberta Napolitano, Esq.              Chapter 7 Trustee
P. O. Box 9177
Bridgeport, CT 06601

Heidi J. Alexander, Esq.              Attorney for Debtor
Alexander Law Offices, LLC
62 Washington Street, 3rd Floor
Middletown, CT 06457

**BRIEF MEMORANDUM AND ORDER RE:
TRUSTEE'S OBJECTIONS TO PROPERTY CLAIMED AS EXEMPT**

Lorraine Murphy Weil, United States Bankruptcy Judge

**WHEREAS,** the above-captioned debtor (the "Debtor") commenced the instant bankruptcy case by the filing of a chapter 7 petition on October 14, 2005 (the "Filing Date"). Contemporaneously with the petition, the Debtor filed her schedules and statements (Doc. I.D. No. 2, the "Schedules");

**WHEREAS,** according to the Schedules, on the Filing Date the Debtor (1) had a joint checking account (the "Bank Account") with a balance of $2,500.00 (*see* Schedule B (Personal

Property)); and (2) claimed an exemption in the full amount of the Bank Account pursuant to 11 U.S.C. § 522(d)(5)[1] (*see* Schedule C (Property Claimed as Exempt));

**WHEREAS,** on March 6, 2006, the chapter 7 trustee (the "Trustee") filed that certain Motion To Compel Debtor To Turn Over Funds to the Trustee, and For Sanctions (Doc. I.D. No. 18, the "Motion To Compel") seeking the sum of $25,153.43 from the Debtor, which was the amount the Trustee contends was the balance in the Bank Account on the Filing Date. A hearing on the Motion To Compel was scheduled for March 22, 2006 and subsequently continued to March 29, 2006;

**WHEREAS,** on March 28, 2006, the Debtor filed an Amended Schedule C (Doc. I.D. No. 23) in which she alleged the amount in the Bank Account was $8,240.00 and exempted that amount (the "Exemption") pursuant to 11 U.S.C. § 522(d)(5);

**WHEREAS**, on March 28, 2006, the Trustee objected to the Exemption (*see* Doc. I.D. No. 25, the "Objection") because the Debtor "appears to have acted in bad faith" in (1) failing to state the correct amount in the Bank Account and (2) in filing the Exemption one day prior to the hearing on the Motion To Compel. (Objection ¶ 10);

**WHEREAS,** an evidentiary hearing (the "Hearing") on the Objection and the Motion To Compel was held on May 23, 2006. The Trustee, the Debtor and her counsel appeared at the Hearing;

---

[1] References herein to title 11 or to the Bankruptcy Code refer to the same as they existed prior to amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

**WHEREAS,** the Debtor testified at the Hearing[2] for the Trustee and on her own behalf. Documentary evidence introduced by the Trustee and the Debtor were entered into the record[3];

**WHEREAS,** in response to the Objection, the Debtor asserted the following facts:

- The Bank Account is a joint account with the her husband, Benjamin Adams (a non-debtor herein).

- In or about September, 2005, Mr. Adams refinanced the family home (the "Property") to (among other things) make certain improvements to the Property. (*See* Transcript at 15, 17-18; Debtor's Exh. A and B.)

- On or about September 21, 2005, Mr. Adams executed that certain Note (Secondary Lien) (*see* Debtor's Exh. A, the "Note") and received the sum of $37,831.58 (*see* Debtor's Exh. B, the "Loan").

- The Debtor did not sign the Note or any other document pertaining to the Loan. (*See* Transcript at 15.)

- On or about September 29, 2005, Mr. Adams deposited the Loan funds into the Bank Account. (*See* Trustee's Exh.1 (9/10/05 to 10/11/05 Checking Account Statement); Transcript at 7.)

- The Debtor wrote several checks from the Bank Account for (among other things) new windows, new siding and a new roof with respect to the Property. (*See*

---

[2] A copy of the transcript (the "Transcript") of the Hearing appears in the record as Doc. I.D. No. 37. Reference herein to the Transcript appears in the following form: "Transcript at ___."

[3] Reference herein to the Trustee's exhibits appears in the following form: "Trustee's Exh. ___." Reference herein to the Debtor's exhibits appears in the following form: "Debtor's Exh. ___."

> Transcript at 5.)  Such checks were written on or about September 29, 2005 but were cashed post-petition.  (*See* Trustee's Exh. 1.)

- The Debtor did not believe that the Loan funds belonged to her and therefore did not refer to those funds in the Schedules.  (*See* Transcript at 15-16, 17.)

**WHEREAS,** at the conclusion of the Hearing, the court ordered that the Trustee file a mandatory initial brief by July 19, 2006 and the Debtor file a mandatory answer brief (the "Answer Brief") by August 14, 2006.  (*See* Transcript at 25, 27.)  Optional reply briefs were to be filed by August 28, 2006.  (*Id.*);

**WHEREAS,** at the conclusion of the Hearing, the court stated that "failure to file a mandatory brief waive[d] any arguments" made by the party who failed to file such a brief. (Transcript at 25:20-21.);

**WHEREAS,** on July 19, 2006, the Trustee filed her mandatory initial brief (*see* Doc. I.D. No. 34);

**WHEREAS,** on August 14, 2006, counsel for the Debtor filed a motion (Doc. I.D. No. 35, the "Motion for Extension") seeking an extension of time to file the Answer Brief;

**WHEREAS,** a hearing on the Motion for Extension was held on August 30, 2006, at which hearing the Trustee and counsel for the Debtor appeared.  At the conclusion of that hearing, the court granted the Motion for Extension and required that counsel for the Debtor filed the Answer Brief by September 13, 2006 and optional reply briefs would be due on September 27, 2006;[4]

---

[4] It appears that a written order granting the Motion for Extension was not entered. Consequently, the court will issue such an order *nunc pro tunc* to August 30, 2006.

**WHEREAS,** counsel for the Debtor did not file the Answer Brief and did not seek a further extension of time;

**WHEREAS,** given the court's remarks at the Hearing and because counsel for the Debtor failed to file the Answer Brief, the court determines that the Debtor has waived any and all arguments with respect to the Objection;

**NOW, THEREFORE,** it is hereby **ORDERED** that the Objection is sustained.[5]

Dated: January 9, 2007                                              BY THE COURT

Lorraine Murphy Weil
United States Bankruptcy Judge

---

[5] A separate order will enter with respect to the Motion To Compel scheduling a status conference.